# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CINDY LEANN KING, | ) |
| Plaintiff, | ) |
| | ) |
| | ) NO. 3:17-cv-01116 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| MONTGOMERY COUNTY, | ) MAGISTRATE JUDGE |
| TENNESSEE, et al., | ) HOLMES |
| | ) |
| Defendants. | ) |

## MEMORADUM OPINION

Pending before the Court is the State of Tennessee's Motion to Dismiss Count 6 of the First Amended Complaint for failure to state a claim.[1] (Doc. No. 42). Plaintiff filed a response in opposition (Doc. No. 49), and the State of Tennessee has replied. (Doc. No. 53). For the reasons discussed below, the State of Tennessee's motion is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff brings this lawsuit under 42 U.S.C. § 1983, alleging Defendants violated her constitutional rights when they seized 15 dogs from Plaintiff through claims of illegal search, unreasonable seizure, violation of due process, invasion of privacy, and county liability. (Doc. No. 45). Count 6 of Plaintiff's First Amended Complaint also seeks a declaratory judgment that Tenn. Code Ann. § 39-14-210(g)(2) is "unconstitutional on its face and as applied, unenforceable, and

---

[1] The State of Tennessee successfully moved to intervene in this action for the purpose of defending the constitutionality of Tenn. Code Ann. § 39-14-210(g)(2). (Doc. No. 26).

1

null and void."[2] (*Id.*). Because Count 6 is the sole claim at issue in the pending motion to dismiss, the Court limits its discussion of the facts to those necessary to discuss this claim. (*Id.*).

Plaintiff alleges Defendants unlawfully seized her dogs sometime between August 8-10, 2016, and arrested her on August 19, 2016, on five counts of animal cruelty in violation of Tenn. Code Ann. § 39-14-202. (Doc. No. 45). Following her arrest, Plaintiff contends she was released after posting a $5,000 bond. (*Id.*). Plaintiff further alleges that on September 26, 2016, Officer Jessica Cook, who is not a Tennessee licensed attorney, filed a pleading in the General Sessions Court in Montgomery County seeking to have Plaintiff post a security bond for the "costs of caring and providing for [her] animal[s] pending disposition of the criminal charges" in accordance with Tenn. Code Ann. § 39-14-210(g)(1)(A) and (B). (Doc. No. 45). Sometime after October 5, 2016, Plaintiff alleges she received correspondence issued by Officer Rodney Journey of the Montgomery County Animal Control informing her that she owed Montgomery County Animal Control $10,116.03 for the impoundment of her dogs. (*Id.*).

Plaintiff contends a preliminary hearing was held on October 20, 2016, in the General Sessions Court for Montgomery County, Tennessee, Criminal Court, in which the court granted Animal Control's request for Plaintiff to pay a $20,000 security bond for the expenses of caring for the dogs seized. (Doc. No. 45). The order, which Plaintiff attaches as Exhibit 3 to the First Amended Complaint, warns that Plaintiff's failure to pay the security bond within 10 days shall result in forfeiture of the animals to Montgomery County Animal Control "for disposition in accordance with reasonable practices for the humane treatment of animals." (*Id.*). Plaintiff

---

[2] Plaintiff actually challenges the constitutionality of "T.C.A. § 3**4**-12-210(g)(2)" in Count 6 of her First Amended Complaint, but corrects this error in her response in opposition to the State's motion to dismiss. Accordingly, the Court interprets Count 6 of Plaintiff's First Amended Complaint to challenge the constitutionality of Tenn. Code Ann. § 3**9**-12-210(g)(2).

contends she appealed this order to the Circuit Court, which then reduced the bond to $10,000. (*Id.*).

Plaintiff alleges in Count 6 that she was not given notice by Montgomery County Animal Control before or after the seizure and impoundment of her dogs and that Section 39-14-210(g)(2) "contains no provision for pre-deprivation hearing prior to seizure of animals" and "does not require written notice of a post-deprivation hearing within a reasonable time after seizure of animals." (Doc. No. 45). Plaintiff contends the "lack of notice and reasonable opportunity to be heard on the question of seizure and ownership denied her procedural due process in violation of the Fourteenth Amendment to the United States Constitution and Article 1, § 8 of the Tennessee Constitution." (*Id.*). Plaintiff further alleges the motion for security bond filed in the Montgomery County General Session Courts was signed and filed by a non-lawyer, Defendant Officer Jessica Cook, in violation of Rule 11 of the Tennessee Rules of Civil Procedure. Thus, Plaintiff contends, the motion was "void *ab initio*." (*Id.*).

The State, as an intervening party, seeks dismissal of Count 6 of the First Amended Complaint challenging the constitutionality of Section 39-14-210(g)(2), for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 43).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft,* 556

U.S. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" to establish the plausibility required to "unlock the doors of discovery." *Id.* at 678.

### III. ANALYSIS

Title 39 of the Tennessee Code Annotated covers "Criminal Offenses," and Chapter 14, Section 201 *et seq*. deals with "Offenses Against Property," relating to "Animals." Specifically, under Tenn. Code Ann. § 39-14-210(f), upon law enforcement's seizure of any abused animal, custody may be placed with a governmental animal-control agency, which "shall assist the animal and preserve evidence for prosecution." Under Section 39-14-210(g), the agency with custody of the abused animal may petition the court for an order that the owner or person who had possession of the animal post a security bond sufficient to secure payment of all reasonable expenses incurred in caring for the animal pending the disposition of animal-cruelty charges. If the court orders the posting of security, Tenn. Code Ann. § 39-14-210(g)(2) provides:

> If the person from whom the animal is seized is the owner of the animal and the person has not posted the security ordered pursuant to subdivision (g)(1) within ten (10) business days following the issuance of a security order, the animal shall be deemed to have been abandoned and shall be forfeited to the governmental animal control agency, law enforcement agency, or their designee for disposition in accordance with reasonable practices for the humane treatment of animals.

In response to Plaintiff's argument this section is unconstitutional because it fails to provide her with notice and a reasonable opportunity to be heard regarding seizure and ownership, the State argues Section 39-14-210(g)(2) does not authorize the seizure of animals. (Doc. No. 43). Instead, the statute is implicated only after animals have already been seized and placed in the custody of a governmental animal-control agency. (*Id.*). Because Section 39-14-210(g)(2) plays no role in the

4

"question of seizure and ownership," the State argues Plaintiff fails to establish a link between her factual allegations regarding the seizure and impoundment of her dogs and the provisions of the statute she seeks to challenge. (*Id.*).

In response to three statutes Plaintiff cites from other states which have been struck down for failing to provide adequate due process, the State argues none of those provisions involved animal cruelty criminal prosecutions and the procedural protections afforded to those charged with a crime. (Doc. No. 53). The State contends the statute Plaintiff challenges in this case is not only contained within the Tennessee animal cruelty statutes, but actually is part of the criminal proceedings. (*Id.*). Thus, the State argues, Plaintiff was afforded the opportunity to challenge the seizure and petition for security in the context of the criminal proceedings. (*Id.*).

Even if Plaintiff's allegations regarding the seizure and impoundment of her dogs did implicate Tenn. Code Ann. § 39-14-210(g)(2), the State argues Count 6 still fails to state a claim for violation of due process because Plaintiff does not allege she failed to receive notice of Montgomery County's petition that she be ordered to post security, or that she failed to have a reasonable opportunity to be heard on the petition before the court ordered posting of security. (Doc. No. 43). To the contrary, the State argues, Plaintiff's First Amended Complaint establishes she was arrested and charged with animal cruelty, was given pre-hearing notice of the costs incurred by the county, and had an opportunity to contest the allegations against her at a preliminary hearing and a hearing on the motion for security on October 20, 2016.[3] (Doc. No. 53).

---

[3] In ruling on the State's 12(b)(6) motion to dismiss, the Court may consider the documents attached to Plaintiff's First Amended Complaint because she refers to them in the complaint and they are central to the claim at issue. *See Seaton v. TripAdvisor LLC,* 728 F.3d 592, 596 (6th Cir. 2013) ("Although matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss, documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.").

5

Finally, the State argues Plaintiff fails to state a claim on her allegation that the filing of the motion for security in violation of Tenn. R. Civ. P. 11 is an unconstitutional application of Tenn. Code Ann. § 39-14-210(g)(2). The State argues the provision for filing a petition for security is not contained in the challenged provision, but rather is set forth in Section 39-14-210(g)(1) – a provision Plaintiff does not challenge in her First Amended Complaint.

Accepting Plaintiff's allegations as true, the Court finds Plaintiff has failed to state a claim that Tenn. Code Ann. § 39-14-210(g)(2) is unconstitutional on its face or as applied to her. Section 39-14-210(g)(2) is part of a larger framework of criminal statutes relating to animal cruelty, and does not authorize the seizure of animals. Instead, it authorizes only forfeiture of an animal to law enforcement or an animal control agency when the owner of the animal has failed to post the security ordered under Section 39-14-210(g)(1). In this case, before an amount of security was ordered, Plaintiff acknowledges she received a preliminary hearing in the General Sessions Court for Montgomery County on October 20, 2016, following the State's motion to post security under Tenn. Code Ann. § 39-14-210(g)(1)(A) and (B). Plaintiff also acknowledges she had the opportunity to appeal the General Sessions order granting a security bond to the Montgomery County Circuit Court.

The facts alleged by Plaintiff establish she was provided adequate notice and an opportunity to be heard regarding the posting of a security bond. The Court need not determine whether Plaintiff was provided adequate notice and an opportunity to be heard on the question of seizure and ownership of her dogs. Challenging the constitutionality of Tenn. Code Ann. § 39-14-210(g)(2) is not the proper method of making such an argument because this section of the statute only relates to forfeiture of an animal for failure to post a security bond. Similarly, Plaintiff's argument that the State's application for security was invalid because it was signed by a non-

lawyer is not grounds for challenging the constitutionality of Section 39-14-210(g)(2) because this section of the statute does not relate to the *filing* of a petition for security. Accordingly, Plaintiff has failed to state a claim that Tenn. Code Ann. § 39-14-210(g)(2) is unconstitutional on its face or as applied, and the State's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE